## Kolyer, Appellant, *v.* Westmoreland Coal Company.

474

Argued April 20, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Vincent M. Casey*, of *Margiotti, Pugliese & Casey*, with him *Avra Pershing*, for appellant.

*James Gregg*, of *Portser, Gregg & McConnell*, for appellee.

OPINION BY RHODES, J., July 23, 1942:

The referee, the Workmen's Compensation Board, and the court below refused to allow claimant additional compensation. On behalf of claimant, who has appealed, the question involved is stated thus: Where, as the result of the loss of his foot, claimant is required to use crutches, and, within the period during which he is receiving compensation, his crutch slips, causing

him to fall and injure himself seriously about the hip and pelvic region, is the claimant entitled to compensation in addition to that for the loss of the foot?

Claimant, while employed by defendant, was accidentally injured on August 18, 1936. Amputation was necessary midway between the ankle and the knee of the left leg. An agreement was entered into between the parties which provided for the payment of compensation for the loss of a foot, at the rate of $15 per week, beginning on August 26, 1936, and to continue for 150 weeks, as provided in section 306 (c) of the Workmen's Compensation Act of 1915, as amended, April 13, 1927, P. L. 186, 77 PS §513. The 150-week period expired on July 12, 1939.

One evening in August, 1938, claimant went from the basement of his home into the back yard with the aid of his two crutches, and while walking one of the crutches slipped on the grass, and as a result he fell on his left side and injured his left femur and hip.

On July 7, 1939, claimant filed a petition for review of the existing compensation agreement. Defendant filed an answer, and hearings were held by the referee. On November 25, 1939, claimant amended the petition for review by averring that his disability had become total on and prior to July 6, 1939, as a result of the accident on August 18, 1936, and reference was made to the accident in August, 1938, and the resulting injuries.

The facts are not in dispute, and it is claimant's contention that defendant is liable for the further disability on the ground that it was the proximate result of the first accident. The compensation authorities found and concluded that there was no causal connection between the original accident on April 18, 1936, and claimant's further disability which followed his fall at home in August, 1938. We agree that claimant's subsequent injuries had no direct relation to the original

accident. It is true that the use of crutches was made necessary because of the loss of his foot, but the new injuries were rather the result of a cause independent of the accidental injury.for which defendant was obliged to pay compensation. If, while walking with his crutches, claimant had fallen over some object, or had slipped on a defective sidewalk, certainly it could not be said that the resulting injuries and disability were the proximate, natural, and probable result of the original accident. *Gallagher v. Hudson Coal Co.*, 117 Pa. Superior Ct. 480, 483, 178 A. 161. It is no more reasonable to say that defendant is responsible under the admitted circumstances.

To accept claimant's theory would require us to recognize novel and extraordinary consequences where there was an entire absence of a natural and continuous sequence between the alleged cause and the alleged effect, or where there was no direct connection between them. The requisite connection in this type of case is illustrated in *Hornetz v. Philadelphia & Reading Coal & Iron Co.*, 277 Pa. 40, at page 41, 120 A. 662, at page 663, as follows: "The violence caused the injury, the injury caused the operation, the operation caused the anaesthetization, the anaesthetization caused dilatation of the heart, and dilatation of the heart caused death. Hence there was a causal connection between the [original] violence and [the subsequent] death."

Counsel for claimant believes that *Marshall v. City of Pittsburgh*, 119 Pa. Superior Ct. 189, 180 A. 733, is analogous and controlling in the present case. We think the distinction is very obvious. In the Marshall case deceased had received a knee injury from which he had not recovered, and which disclosed the same weakness that brought about the fatal fall. Less than two months after the original accident, and when he was in his own home, the knee, while it was still bandaged, gave way and he fell downstairs. The giving way of the

knee at the time of the fatal accident was a condition that was natural and probable, one that might occur at any time. The subsequent injury to deceased was a natural result of the original injury; the knee injury was the natural and proximate cause of the death of Marshall. To the same effect is *Gallagher v. Hudson Coal Co.*, supra. In the Marshall and Gallagher cases there was evidence that the leg gave way as the result of the former injury, and the compensation authorities so found. This alone distinguishes the present case from these cases. In the case before us the subsequent injuries were due to the slipping of the crutch on the grass where claimant chose to walk; they were not the proximate, natural, and probable result of the original injury, and in no way can the further disability be referred back to the first accidental injury.[1]

Assignments of error are overruled.

Judgment of the court below is affirmed.

---

[1] In a trespass action evidence of subsequent injury is admissible to affect the measure of damages on the original injury only if the subsequent injury was proximately caused by the original negligence. *Bender et ux. v. Welsh et al.*, 344 Pa. 392, 398, 25 A. 2d 182.