Skomra, Appellant, *v.* Weirton Coal Company.

Argued April 24, 1947. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*Anthony Cavalcante,* for appellant.

*Joseph W. Ray, Jr.,* with him *Ray, Coldren & Buck,* for appellee.

Opinion by Arnold, J., July 17, 1947:

In this workmen's compensation case the claimant's husband while in the course of his employment fell on icy steps in a mine. He was rendered unconscious for some forty-five minutes and was visited by a physician. He suffered headaches for three days and was then taken to a hospital, where the diagnosis was concussion. A week after his discharge from the hospital he returned to work with the approval of his physician, and then

had no discomfort of any kind. Two days after his return to work he collapsed in the mine, became unconscious and died. The collapse and the death were due to cerebral hemorrhage. The claimant's contention was that the fall on the icy steps, by the aggravation of an existing disease or condition (hereafter referred to), was the cause of the cerebral hemorrhage of which he died nineteen days after the accident on the stairs.

More than two years before the accident the deceased had collapsed at work in the mine, suffered from severe headaches for several weeks, became worse, attempted to get up and fell. He was taken to the hospital and his condition was diagnosed as cerebral vascular disease with hemorrhage. In the course of the instant proceedings the claimant's physician testified that the preexisting illness consisted of a heart condition and chronic subdural hemorrhages due to diseased blood walls, and that these had caused the prior cerebral hemorrhage, commonly called a stroke.

The burden was on the claimant to show which of two causes was responsible for the deceased's death, that is, whether he died from increased blood pressure caused by exertion, inducing cerebral hemorrhage, or whether the blow to his head occasioned by the prior fall caused the hemorrhage nineteen days later. For the first cause the defendant was not liable.

The two theories were presented by the medical testimony of each side. It is unnecessary to determine the appellee's contention that no finding for the claimant (on causal connection) could be predicated on the medical testimony offered,—for the compensation authorities are the triers of the facts, and they were not bound to believe the evidence for the claimant. We may say, however, that the medical evidence did not preponderate in favor of the appellant's theory.

The workmen's compensation board made a finding that the claimant's husband "died from a cerebral hemorrhage, but that it is uncertain [under the evi-

dence] as to whether it was due to natural causes or an accident he sustained during the course of his employment . . ." Its conclusion of law was: "that since claimant has failed to connect her husband's death with an accident he sustained, no compensation can be allowed."

The burden was on the claimant to establish the causal connection between the accident and the death. The factual findings of the compensation authorities must be sustained where they are against the party having the burden of proof (here the claimant), unless there was a capricious disregard of competent evidence or inconsistent findings: *Walsh v. Penn Anthracite Mining Company,* 147 Pa. Superior Ct. 328, 24 A. 2d 51; *Schrock v. Stonycreek Coal Company et al.,* 152 Pa. Superior Ct. 599, 33 A. 2d 522. The findings were not inconsistent, and there was no capricious disregard of competent evidence.

Judgment affirmed.