McAvoy *v.* Roberts & Mander Stove Company,
Appellant.

Argued March 20, 1953. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Paul H. Ferguson,* for appellants.

*Alexander F. Barbieri,* for appellee.

OPINION BY WRIGHT, J., July 14, 1953:

This is a workmen's compensation case. On February 19, 1944, while walking downstairs in the course of her employment, claimant's heel caught and she fell down several steps. The resulting injuries were described as "contusions of body and bursitis of right shoulder—also concussion". Claimant received compensation for total disability and later for partial disability until November 27, 1949, the end of the 300 week period. Subsequently claimant filed a petition for reinstatement alleging that she had become totally disabled as a result of the accident. The Referee granted the petition and awarded compensation. His order was affirmed by the Board and the lower court, and this appeal followed.

Since October 9, 1947, claimant has been under the care of Dr. Herman Frieman. X-ray examination disclosed a calcified bursitis caused by the original fall. There is no contradiction of the testimony of Dr. Frieman that the only cure for such condition was operative removal of the bursa. The operation was performed on March 11, 1948, and the hospital records relate the following occurrence in the operating room:

"Patient had partial excision of right subdeltoid bursitis this afternoon. Just post-operative, when patient had been removed from operating room table to litter, two people, one at each end of the litter, were attempting to move the litter sideways to get it away from the operating room table. In so doing the mattress slid off the litter and with it the patient. She apparently struck the floor with her head and shoulders, sustaining a slight abrasion of the right parietal area. Patient had not yet reacted from anesthesia at time and was unconscious at time of fall".

Dr. Frieman's testimony is to the effect that claimant's present complaints are due to a cerebral concussion sustained in the fall immediately after the operation. Appellants therefore contend "that there is no causal relationship between the injury sustained by the claimant in the course of her employment with the defendant on February 19, 1944, and the post concussion syndrome which is presently causing her disability and which resulted from the fall in the operating room". We are not in agreement with this contention.

In considering compensation cases two general principles must be kept in mind. (1) The Workmen's Compensation Act is a remedial statute and is to receive a liberal construction: *Pater v. Superior Steel Co.*, 263 Pa. 244, 106 A. 202; *Ottavi v. Burke Stripping Co.*, 140 Pa. Superior Ct. 389, 14 A. 2d 188. (2) Since the compensation authorities have found in claimant's favor, the evidence must be viewed in the light most favorable to her, and she must be given the benefit of every inference reasonably deducible therefrom: *Halloway v. Carnegie-Illinois Corp.*, 173 Pa. Superior Ct. 137, 145, 96 A. 2d 171.

Counsel for appellants relies mainly on the cases of *Wengryn v. Superior Steel Corp.*, 153 Pa. Superior

Ct. 109, 33 A. 2d 643, and *Kolyer v. Westmoreland Coal Co.,* 149 Pa. Superior Ct. 473, 27 A. 2d 272. In the *Wengryn* case claimant's husband had been confined to a mental hospital by reason of derangement resulting from compensable injuries. He died as a result of an assault by another inmate. The Board awarded compensation. Its decision was reversed by the lower court and we affirmed for the reason "that the death of claimant's husband at the hands of a fellow inmate was not the direct, proximate, natural and probable result of the original injury. It was a novel and extraordinary happening with no natural and continuous sequence between injury and death and no direct connection between them".

In the *Kolyer* case claimant's left foot had been amputated as the result of an accidental injury in the course of his employment. An agreement was entered into providing for the payment of compensation for the loss of a foot. Two years later while claimant was walking in his backyard with the aid of crutches, one of the crutches slipped on the grass. Claimant's left femur and hip were injured in the resulting fall. It was held that there was no causal connection between the subsequent injuries and the original accident. Judge Rhodes said, "We agree that claimant's subsequent injuries had no direct relation to the original accident. It is true that the use of crutches was made necessary because of the loss of his foot, but the new injuries were rather the result of a cause independent of the accidental injury for which defendant was obliged to pay compensation . . . To accept claimant's theory would require us to recognize novel and extraordinary consequences where there was an entire absence of a natural and continuous sequence between the alleged cause and the alleged effect, or where there was no direct connection between them".

We have reached the conclusion that the case at bar is not controlled by the *Kolyer* and *Wengryn* cases. The instant factual situation is more properly analogous to that in cases wherein claimant's subsequent injuries occurred in the course of medical treatment made necessary by the original injury. In *Hornetz v. Philadelphia & Reading Coal & Iron Co.*, 277 Pa. 40, 120 A. 662, the death of claimant's husband was due to heart dilation caused by the anesthetic administered to him for the purpose of performing a surgical operation upon an injured finger. The Supreme Court approved the following statement of the court below: "The violence caused the injury, the injury caused the operation, the operation caused the anesthetization, the anesthetization caused dilation of the heart and dilation of the heart caused death. Hence there was a causal connection between the (original) violence and (the subsequent) death".

There have been a number of similar decisions following the *Hornetz* case. In *Rigney v. Snellenberg & Co.*, 90 Pa. Superior Ct. 237, an award for the loss of use of a hand was sustained although the disability actually resulted from the medical treatment. In *Rhoads v. Fisher*, 293 Pa. 121, 141 A. 719, claimant's husband originally sustained a ventral hernia. An operation was advised and performed, and the patient died twenty-four hours later. Defendant contended, not that the operation was unnecessary, but that it was extended unnecessarily to remedy pre-existing diseased conditions. It was held that there was a causal connection between the accident and the death. In *Yunker v. W. Leechburg S. Co.*, 109 Pa. Superior Ct. 220, 167 A. 443, a weak heart gave way when the injured man saw a knife which was to be used in first aid treatment. In *Flowers v. Canuso & Son*, 115 Pa. Superior Ct. 234, 175 A. 287, a diseased heart failed when serum was injected following an accidental injury.

In *Visnic v. Westmoreland Coal Co.,* 155 Pa. Superior Ct. 199, 38 A. 2d 539, claimant's principal injury was a comminuted fracture of the right femur. After orthopedic surgery the leg was fitted with a brace. Following his return home, claimant cut the brace because it was uncomfortable. Upon his turning over in bed the injured leg broke again requiring additional hospitalization. In affirming the refusal to terminate the agreement, speaking through Judge RENO, we made the significant statement that "Disabilities resulting from medical treatment made necessary by an accidental injury in the course of employment can themselves be made the basis of an award of compensation if the chain of causation connecting the injury, the treatment, and the disability is established".

We deem it unnecessary to discuss the respective contentions of counsel regarding the proper interpretation of the Restatement, Torts, Sections 440-453 and particularly Section 457. While there is an analogy between the principles involved in proximate cause as applied to personal injury cases and causal connection in compensation cases: *Marshall v. Pittsburgh,* 119 Pa. Superior Ct. 189, 180 A. 733, decisions in negligence cases are not necessarily controlling. Judge PARKER said in the *Marshall* case, "we do not mean to hold that the responsibility of an employer under the compensation law may not be more extensive than that of a defendant in a negligence case". Any question in this regard was settled by *Heyler v. J. Sullivan & Sons Mfg. Corp.,* 172 Pa. Superior Ct. 615, 94 A. 2d 95, wherein Judge Ross said, "It must be observed that the phrase 'natural and probable result' as used in these cases has a meaning different from that which it bears when used as a test of foreseeability in a negligence case. Here the compensation authorities may find a causal connection even if the disease is an unusual result of such injuries".

In the case at bar the original accident caused the bursitis and the bursitis made the operation necessary. Through no action or fault of claimant, and while still unconscious, she fell to the floor of the operating room. The fall resulted in a concussion and that concussion causes claimant's present disability. We are not in accord with appellants' position that the chain of causation was severed at the point of the fall. We approve the conclusion of President Judge BOK of the court below that claimant's injuries were a result of the operative procedure, and are therefore compensable.

Judgment affirmed.