Hodgdon *v.* Kerr Salt Company, Appellant.

*Frank R. Ambler,* for appellants.

*Alexander F. Barbieri,* for appellee.

OPINION BY ERVIN, J., July 13, 1954:

Claimant, widow of William R. Hodgdon, filed a petition for workmen's compensation for the death of her husband caused by a heart attack in an automobile accident on January 15, 1947. An answer was filed denying the allegations in the claim petition. After a hearing the referee denied compensation and dismissed the petition. After further hearings, following remand of the case by the Board for the purpose of allowing the presentation of additional evidence, the referee again disallowed compensation, finding that the "death of the decedent was the result of natural causes and not related to any accidental injury sustained by him while in the course of his employment with the defendant." Substituting its own findings for those of the referee pertaining to the issue of causal connection, the Board reversed the referee, finding as a fact that "The shock of the collision of the said automobile at the intersection of Girard Avenue and Eleventh Street in Philadelphia was the accelerating and pre-

cipitating cause of the decedent's death." The court below affirmed the award of the Board and the employer and its carrier have appealed.

The facts disclose that Hodgdon was a salesman and had been in the employ of the Kerr Salt Company for almost thirty years. His work as a salesman involved no laborious duties, consisting only in calling on customers to obtain orders. On January 15, 1947 at about 5:00 P.M. Hodgdon was driving an automobile provided by his employer in an easterly direction on Girard Avenue in Philadelphia when he collided with an automobile which was proceeding north on Eleventh Street. After the accident Hodgdon was found slumped over on the seat of the car he was driving. He was taken to St. Luke's Hospital where he was pronounced dead. The death certificate gave the cause of death as "arteriosclerotic cardiovascular disease, coronary arteriosclerosis and insufficiency while driving auto, collided with auto." The only evidence of external injury noted in the autopsy report was a small superficial abrasion of the skin on the left side of the forehead. At the time of his death Hodgdon was sixty-three years old. From 1941 until his death, on January 15, 1947, he was under the care of Dr. Walter A. Graham for arteriosclerotic heart disease but he had never lost time from work.

. The sole issue in this case is whether causal connection between the accident and deceased's death was established. Dr. Walter A. Graham, decedent's family physician, who had ten years of specialized and hospital experience with heart diseases, clearly established causation with the following testimony: "A. I believe that the accident undoubtedly was the contributing cause of his death. Q. Contributing cause? A. The man of course had heart disease and an accident of that type could have thrown him into an acute coronary

attack, with the many small attacks he had previously, and undoubtedly would have caused his death. Very few men—I think I should rather explain my reasons. Q. That is your opinion in this case? A. Yes. Q. That is your opinion of what did happen in this case? A. Yes. Q. What is your reasoning behind that? A. My reason is that the average arteriosclerotic coronary type of heart suffers a coronary attack, a coronary occlusion. They very often live for hours and days and moving them or any shock of any kind will kill them instantly. For instance in treatment of a case you do not even move them upstairs. You put them on a couch and keep them right quiet, large doses of morphine and give them oxygen, and then maybe a day or two later you move them upstairs or to a hospital. In other words sudden movement or sudden shock will kill a coronary while he is in the attack. Q. While he is in the attack? A. Yes. Whether the man had an attack before the accident or in the course of the accident I could not say." Dr. Graham also testified as follows: "A. It is my belief that the man had a heart attack or was going into one when he had this automobile accident, and the shock of that was the thing that precipitated his death."

Where, as here, medical testimony is essential on the issue of causal connection between an accident and death, causation must be shown by positive expert opinion evidence of such quality and quantity as to amount to more than mere probability or conjecture. *Frick v. Pittsburgh School District*, 167 Pa. Superior Ct. 431, 74 A. 2d 659. The conclusion of Dr. Graham stated as his belief as to the causal connection between the accident and the death of claimant's decedent amounts to an assertion of professional opinion and meets the required standard of proof. *Menarde v. Phila. Transportation Co.*, 376 Pa. 497, 501, 502, 103

A. 2d 681; *Frick v. Pittsburgh School District,* supra.

To establish the lack of any causal connection between the accident and the death of claimant's decedent appellants relied on the testimony of Dr. Benjamin A. Gouley, a specialist in cardiology and pathology, who had been attached to the office of the Coroner in the City of Philadelphia. Upon the records of the autopsy report, Dr. Gouley formed the opinion that Hodgdon was dead before the collision and that the collision therefore had nothing to do with his death. His reasons were the complete absence of traumatism, the advanced coronary artery disease involving all the main vessels of the heart which through disease were so narrowed that no blood or insufficient blood could get into the heart muscle to supply the heart in its ordinary function, the presence of pulmonary edema and the absence of any evidence of shock.

In this obvious conflict of medical testimony, the compensation authorities adopted the conclusion of claimant's medical expert. Where the medical testimony as to causal connection between an accident and the death is conflicting, the issue is one of fact for the compensation authorities, and the credibility of those qualifying as experts is not reviewable as a matter of law; credibility of the witnesses is always for the finders of fact. *Boyle v. Boyle,* 174 Pa. Superior Ct. 188, 100 A. 2d 385; *Malik v. Uniontown,* 172 Pa. Superior Ct. 562, 94 A. 2d 151.

In our opinion this case is ruled in favor of the claimant and the award must be sustained under the authority of *Frick v. Pittsburgh School District,* supra, 167 Pa. Superior Ct. 431, 74 A. 2d 659.

In the *Frick* case, the decedent, who was fifty-six years of age, had been attended for a form of heart disorder as in the instant case but he "worked steadily

and had not lost any time in his employment for at least eleven months before his death." He had a minor injury and died from heart disease. Claimant's medical witness was the family physician, and his testimony was accepted in preference to that of an eminent pathologist who actually performed an autopsy and who testified that the superficial wound on that decedent's forehead "was entirely unrelated to this individual's death." Judge HIRT, speaking for this Court, stated, at pages 433 and 434: "It is unimportant therefore that the injury may not have been severe; it is the seriousness of the result that controls. In the light of all the circumstances, including decedent's preexisting physical ailments known to Dr. Weaber, he stated his professional conclusion thus: 'I do believe that the injury brought on his death'. And he gave as the basis for that opinion that the death of claimant's husband resulted from a number of factors which he attributed to the accident, including nervous shock causing overstrain of the heart through circulatory embarrassment and some paralysis of the vaso motor mechanism."

We are of the opinion that the findings of the compensation authorities are supported by sufficient competent evidence, and that the law has been properly applied. We may not disturb the judgment entered on the award. *Malik v. Uniontown,* supra, 172 Pa. Superior Ct. 562, 568, 94 A. 2d 151.

Judgment affirmed.