Allen, Appellant, *v.* Patterson-Emerson-Comstock, Inc.

Argued November 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*William J. Krzton,* with him *Louis Vaira,* for appellant.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellee.

OPINION BY RHODES, P. J., January 17, 1956:

In this workmen's compensation case the wife-claimant alleged that her husband's death resulted from injuries sustained in a fall while in the employ of defendant. The referee disallowed compensation. The Workmen's Compensation Board affirmed the referee; and the County Court of Allegheny County affirmed the board's order of disallowance.

The facts as established by the evidence are not in dispute. Testimony of claimant and her witnesses was uncontradicted. The defendant-employer presented no evidence. Thomas W. Allen, deceased husband of claimant, was employed by defendant at the mill of the Pittsburgh Steel Company, Monessen, Pennsylvania. On October 19, 1951, while ascending a flight of stairs, he turned and fell, face down, to the concrete floor below. Before falling he had taken about two steps up the stairway. After the fall his face was skinned and bruised and he was bleeding in the region of his eye and nose. He was taken by ambulance to a hospital where he was examined by a doctor, but he had died on the way. Deceased's death occurred about 3:30 p.m., but claimant was not notified of this fact until about 7:30 that evening, when she was informed of her husband's death by a foreman of the defendant-employer and another employe. Deceased was apparently in good health, and as far as the testimony shows was a sound, healthy individual. There was no testimony as to the cause of his death.

Prior to deceased's death, claimant resided with him at 801 West Main Street, Monongahela City, Pennsylvania. Immediately after his death claimant moved to North Carolina, and is presently living in Rocky Point in that state. Claimant testified she mailed the claim petition on October 5, 1952. It was mailed from Burgaw, North Carolina, but was not received by the board

until October 20, 1952. This was one day beyond the statutory limitation which provides that such claims are barred unless filed within one year after the accident. See section 315 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §602.

The referee, in his order of disallowance of compensation, found that the claim petition was filed on October 20, 1952, more than one year after the date of the alleged accidental injury; and that the deceased did not sustain an accidental injury while in the course of his employment. These findings of fact were affirmed by the board. The board in its discussion observed that no medical testimony had been produced by claimant to establish any connection between the alleged accident and the subsequent death.

Apparently after the appeal had been taken to the County Court of Allegheny County from the board's order of disallowance but before final action by that court, claimant petitioned the board for a rehearing, offering to prove by competent medical authority that deceased died as the result of the fall and not as the result of any preexisting condition. The board denied the petition and refused to grant a rehearing, indicating that claimant had adequate opportunity to present such medical testimony in support of her claim. The board's action in this matter seems to have been based on the assumption that claimant failed to establish an accident, and that nothing could be gained by presenting such testimony as claimant now offered.

The court below held that the claim petition was filed more than one year after the alleged accident; that claimant failed to show the happening of an accident; that there was no evidence of causal relationship between an accident and deceased's death; and that claimant failed to give the defendant-employer the required notice of the alleged accident within ninety days after the occurrence thereof.

Claimant's claim was not barred by the failure to give proper notice of the accident or by delay in filing the claim petition. Section 311 of the Act of June 2, 1915, P. L. 736, as amended, 77 PS §631, provides: "No compensation shall be allowed unless notice be given within ninety days after the occurrence of the injury." The purpose for requiring such notice is to protect the employer from stale claims for accidental injuries, of which he had no knowledge, made after the opportunity had passed for a full and complete examination thereof. *Wilkinson v. United Parcel Service of Pennsylvania, Inc. (No. 1)*, 158 Pa. Superior Ct. 22, 29, 43 A. 2d 408; *Dorsch v. Fisher Scientific Company*, 136 Pa. Superior Ct. 197, 7 A. 2d 604. In the present case it is clear that defendant had such notice as was sufficient to satisfy the requirements of the act, even if applicable to claimant. See *Lambing v. Consolidation Coal Company*, 161 Pa. Superior Ct. 346, 355, 54 A. 2d 291. It is not questioned that claimant was informed of her husband's death by his superior who was a foreman in defendant's employ. The purpose of notice was accomplished as the defendant-employer thereby had knowledge of the occurrence of deceased's fall and death. *Kennedy v. Holmes Construction Company*, 147 Pa. Superior Ct. 348, 358, 24 A. 2d 451. The question of notice was not considered by the compensation authorities, and the courts should not read into the act a stricter requirement than its language imports. *Wilkinson v. United Parcel Service of Pennsylvania, Inc. (No. 1)*, supra, 158 Pa. Superior Ct. 22, 29, 43 A. 2d 408. Nor can we agree that the claim petition was filed too late. The evidence does not support such a finding. The petition was mailed from Burgaw, North Carolina, and the board's stamp shows that the petition was received on October 20, 1952, or one day after the statutory period. Claimant testified that she

mailed the claim petition on October 5, 1952. In *Horn v. Lehigh Valley Railroad Co.*, 274 Pa. 42, 45, 117 A. 409, 410, it was said: "A delivery of a claim petition to the United States mails, on the last day to be filed or the day before, duly stamped, properly addressed, sent by registered mail, followed by a receipt by the compensation board within the time usually required to carry a letter to its destination,—these combined circumstances constitute a delivery of the petition when it was deposited in the mails." See, also, *Laffey v. Philadelphia & Reading Coal & Iron Company*, 125 Pa. Superior Ct. 9, 189 A. 509. The claim petition, having been mailed from North Carolina, must have been deposited in the mail prior to October 20, 1952, or within the one-year limitation prescribed in section 315 of the Act of June 2, 1915, P. L. 736, as amended, 77 PS §602. See, also, section 403 of the Act of June 2, 1915, P. L. 736, as amended, 77 PS §714, which provides for mailing or delivery of all petitions and other papers requiring action by the board.

All of our decisions on these subjects are to the effect that the Workmen's Compensation Act must be liberally construed, and that technicalities are not looked upon with favor in compensation cases. *Wilkinson v. United Parcel Service of Pennsylvania, Inc. (No. 1)*, supra, 158 Pa. Superior Ct. 22, 31, 43 A. 2d 408; *McAvoy v. Roberts & Mander Stove Company*, 173 Pa. Superior Ct. 516, 518, 98 A. 2d 231; *Harvey v. Philadelphia Warehouse & Cold Storage Co.*, 167 Pa. Superior Ct. 435, 439, 74 A. 2d 815.

In this case we are of the opinion that the finding of the referee that the deceased did not sustain an accidental injury while in the course of his employment, adopted by the board and affirmed by the court below, is not sustained by the record. Where, as here, the triers of the facts refused to find facts in favor of the

party having the burden of proof, the question on review is not whether competent evidence would sustain such a finding, if made, but whether there was a capricious disregard of the evidence in the refusal so to find. *Williams v. New Bethlehem Burial Service*, 167 Pa. Superior Ct. 364, 368, 74 A. 2d 677. In our judgment there was a capricious disregard of competent evidence in finding that deceased had not sustained an accident while in the course of his employment. The uncontroverted testimony clearly shows that deceased, after taking two steps up a stairway, fell to the floor below. There is nothing in the record to indicate the reason for the fall. Whether he slipped, lost his balance, or fell because of some preexisting condition was not shown. But, if the fall was attributable to a preexisting condition, it would nevertheless constitute an accident. This has long been a recognized principle. In *McCarthy v. General Electric Co.*, 293 Pa. 448, 451, 452, 143 A. 116, 117, 118, it was said: "Furthermore, it is not necessary that the fall result from an accident, as the fall is the accident; nor is it material that the employee fell because he became dizzy or unconscious. An injury sustained by an accidental fall is compensable although the fall resulted from some disease with which the employee was afflicted." See, also, *Patterson v. Philadelphia Dairy Products Company*, 177 Pa. Superior Ct. 195, 201, 202, 110 A. 2d 797.

A case applicable to the present factual situation is *Leber v. Naftulin*, 179 Pa. Superior Ct. 22, 115 A. 2d 768, where deceased was found sitting against a wall at the foot of the ladder upon which he had been working, in a dazed condition with a lump on the back of his head. We therein said (page 29 of 179 Pa. Superior Ct., page 771 of 115 A. 2d) : "In the instant case, therefore, it is immaterial whether the fall resulted from the initial hemorrhage and aggravated it, or whether it was the direct cause of the hemorrhage."

In *Hodgdon v. Kerr Salt Company*, 176 Pa. Superior Ct. 177, 106 A. 2d 621, the employe while driving his automobile as a salesman suffered a coronary attack and collided with another automobile. The board believed the medical testimony of the claimant that the deceased's death was caused by a bump resulting in a small superficial abrasion and shock, and rejected the employer's medical testimony to the effect that deceased was dead at the time of the collision. The claimant was awarded compensation although the heart attack may have preceded and caused the fatal accident. Likewise, in the case before us, the reason for the deceased's fall is not determinative, as the fall itself was the accident.

However, a claimant seeking compensation has the burden to establish a causal connection between the accident and the employe's death. *Skomra v. Weirton Coal Company*, 161 Pa. Superior Ct. 70, 72, 53 A. 2d 751; *Smith v. A. De O. Rossiter & Sons Company*, 158 Pa. Superior Ct. 128, 133, 44 A. 2d 298. It follows that it was necessary for the present claimant to establish the fact that her husband died as the result of the fall rather than from some other cause. Deceased sustained some obvious injuries as a result of his fall, but there was no medical testimony to establish a causal connection between the fall and his death. The board, in its opinion affirming the referee's disallowance of compensation, stated that it was of the opinion that claimant failed to establish any connection whatsoever between the alleged accident and the subsequent death. Neither the board nor the referee made any such finding of fact but predicated their conclusion on the finding that no accident had been established. We shall therefore remand the record that the compensation authorities may make adequate and definite findings of fact. Cf. *Leber v. Naftulin*, supra, 179 Pa. Superior

Ct. 22, 29, 115 A. 2d 768; *Gavula v. Sims Company,* 155 Pa. Superior Ct. 206, 214, 38 A. 2d 482.

Claimant, in her petition for rehearing, offered to prove that deceased died as a result of the fall and not from a preexisting condition. Since the Workmen's Compensation Act is a remedial statute and is to be liberally construed in order to accomplish its broad humanitarian purpose (*McAvoy v. Roberts & Mander Stove Company,* supra, 173 Pa. Superior Ct. 516, 518, 98 A. 2d 231), the compensation authorities, upon return of the record, should receive such testimony as may be offered to prove or disprove any causal connection between the accident and deceased's death.

The judgment is reversed, and the record is remanded to the court below with direction to return it to the Workmen's Compensation Board for further consideration and determination consistent with this opinion.