Gower *v.* Mackes et al., Appellants.

42

Argued March 26, 1957. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

David B. Skillman, with him George T. Robinson, for appellant.

David L. Ullman, with him Martin H. Philip, for appellee.

OPINION BY WATKINS, J., June 11, 1957:

This is a workmen's compensation case in which the defendant employer and his insurance carrier appeal from the decree of the Court of Common Pleas of Monroe County dismissing their appeal from an award made by the board to the claimant. An award was originally denied by the referee but the board on appeal

by the claimant reversed the referee and entered an award for the claimant.

On June 27, 1952 the claimant, Albert Gower, had his right knee injured while employed in a lumbering operation. He was treated and returned to work on July 29, 1952 and worked until August 15, 1952 when there was a recurrence of the knee disability. It was described as a prepatellar effusion. On August 29, 1952 at the Monroe County General hospital an examination revealed claimant had had a hemorrhage of the knee joint which had been preceded by a purulent discharge. On this date an 18-gauge needle was inserted and about 30 ccs. of sanguineous synovial type fluid containing many bits of tissue which may be organized clots or fragments of synovia were removed. He returned to the hospital on September 2, 1952 at which time the swelling and pain were almost completely gone, however, there was still trouble with the knee and a possible operation was discussed with the claimant. The trouble was diagnosed as a traumatic prepatellar bursitis. He again returned to work on September 8, 1952 and worked until September 12, 1952. On this date his right knee was stiffened, sore and swollen. He told his employer about it and his employer told him to go to the doctor. He finished his work that day and in the evening, at his home, he went out on the porch to answer a call of nature and when he was going back into the house his right knee came into contact with the door frame, causing severe pain. He fell backwards on the porch and rolled off the porch to the ground resulting in a fracture of the surgical neck of the left femur. As a result he is totally and permanently disabled.

It is admitted that the accident disabled the claimant for a period from June 27, 1952 to July 29, 1952. It is further agreed that there was a recurrence of dis-

ability for a period from August 15, 1952 until September 8, 1952. Compensation was paid to the claimant for these periods.

The appellants' claim that the injured knee was not involved in the hip breaking fall; that the alleged recoil is contradictory of the incontroverted physical facts; that if the claimant bumped his knee against the door jamb it was not because the knee was so sore that he could not control it but because he did not look where he was going; and finally that the whole idea of attempting to relate the second injury to the first was a post accident fabrication.

The trouble with these defenses is that they all involve the determination of facts which the board has found against the appellants. The Workmen's Compensation Act, 77 PS §1 et seq. is a remedial statute and is to receive a liberal interpretation. *Ottavi v. Burke Stripping Co.,* 140 Pa. Superior Ct. 389, 14 A. 2d 188 (1940). Further, since in this case the board found in favor of the claimant, the evidence must be viewed in the light most favorable to him and he must be given the benefit of every inference reasonably deducible therefrom. *Halloway v. Carnegie-Illinois Steel Corp.,* 173 Pa. Superior Ct. 137, 96 A. 2d 171 (1953); *McAvoy v. Roberts & Mander Stove Co.,* 173 Pa. Superior Ct. 516, 98 A. 2d 231 (1953).

The facts so found by the board in this case are supported by competent evidence. The contention of the appellant is that there is no causal relationship between the injury to the knee on June 27, 1952, that resulted in the prepatellar bursitis and his total permanent disability resulting from the fall on September 12, 1952. We cannot agree with this contention. It is clear that the stiffness and extreme soreness of the knee on September 12, 1952 which was described as a prepatellar bursitis that would be chronic unless

an operation might cure it, was due to the original injury. The front part of the knee was "exquisitely tender to pressure". It is certainly a fair inference that the striking of the knee against the door frame, being "exquisitely tender to pressure" would result in excruciating pain and naturally cause the sudden recoil that resulted in the fall that broke the hip. There is a connecting chain of events leading from the original injury on June 27, 1952 to the breaking of the hip on September 12, 1952 and it was logical for the board to conclude that the proximate, natural and probable cause of the hip injury was the injury sustained on June 27, 1952. Where an employer is liable for an injury which impairs the physical condition of the claimant's body he is also liable for compensation of injury received in a subsequent accident which would not have occurred if the claimant's bodily efficiency had not been impaired in the first accident. *Gallagher v. Hudson Coal Co.*, 117 Pa. Superior Ct. 480; *Marshall v. Pittsburgh*, 119 Pa. Superior Ct. 189. See also *McAvoy v. Roberts & Mander Stove Co.*, supra.

The argument by counsel in regard to the negligence of the claimant in permitting his leg to come into contact with the door jamb again raises the question as to whether the responsibility of the employer under the compensation law might not be more extensive than that of a defendant in a negligence case. This problem was discussed and settled in *McAvoy v. Roberts & Mander Stove Co.*, supra, at page 521. "We deem it unnecessary to discuss the respective contentions of counsel regarding the proper interpretation of the Restatement, Torts, Sections 440-453 and particularly section 457. While there is an analogy between the principles involved in proximate cause as applied to personal injury cases and causal connection in compensation cases: Marshall v. Pittsburgh, 119 Pa. Su-

perior Ct. 189, 180 A. 733, decisions in negligence cases are not necessarily controlling. Judge PARKER said in the Marshall case, 'we do not mean to hold that the responsibility of an employer under the compensation law may not be more extensive than that of a defendant in a negligence case'. Any question in this regard was settled by Heyler v. J. Sullivan & Sons Mfg. Corp., 172 Pa. Superior Ct. 615, 94 A. 2d 95, wherein Judge Ross said, 'It must be observed that the phrase "natural and probable result" as used in these cases has a meaning different from that which it bears when used as a test of foreseeability in a negligence case. Here the compensation authorities may find a causal connection even if the disease is an unusual result of such injuries' ".

Appellant also contends that appellee is estopped from claiming further compensation as the result of the industrial accident on June 27, 1952, for the injuries received in the home accident on September 12, 1952, because he signed a final receipt on October 2, 1952. Passing appellee's argument that this question was not raised before the compensation authorities, the contention has no merit. Where a timely petition is filed for a recurrence of disability, the fact that a final receipt had been signed is of no significance, and it is not necessary to first move to set it aside: *Parks v. Susquehanna Collieries Co.*, 149 Pa. Superior Ct. 535, 27 A. 2d 481 (1942); *Smith v. Union Collieries Co.*, 155 Pa. Superior Ct. 389, 38 A. 2d 407 (1944); *Ralston v. Baldwin Locomotive Works*, 156 Pa. Superior Ct. 573, 41 A. 2d 361 (1944). See also *Kissel v. Harbison-Walker Refractories Co.*, 157 Pa. Superior Ct. 37, 41 A. 2d 434 (1945); *Mouhat v. Board of Public Education of Pittsburgh*, 159 Pa. Superior Ct. 423, 48 A. 2d 20 (1946).

The judgment is affirmed.