## Rondolone *v.* Louis Dolente & Sons and Insurance Company of North America.

Argued October 8, 1971, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Charles F. Quinn,* with him *Sheer, Mazzocone & Quinn,* for appellant.

*Richard D. Harburg,* with him *Swartz, Campbell & Detweiler,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., November 11, 1971:

This appeal is from an order of the Court of Common Pleas of Philadelphia County which, sustaining an order of the Workmen's Compensation Board, denied certain death benefits to the widow of Domenico Rondolone. Mr. Rondolone had been adjudicated a permanent total disability case because of a compensable heart attack in 1961. He expired of congestive heart failure in 1964. Upon petition by the widow, death benefits were awarded by a referee. This award was appealed to the Workmen's Compensation Board which reversed the referee's decision. Claimant urges this Court to agree that the Board capriciously disregarded competent evidence in denying the award of death benefits. This contention is without merit.

The basis of appellant's contention is that the testimony of Doctor Coletta, the attending physician, established a causal connection between the compensable injury in 1961 and death in 1964. The Board found that the doctor's conclusion that a causal connection existed between accident and death was conjecture and that although it was possible that there *may* have been causal connection between the prior accident and the death, there were other equally plausible causes of death. The Board concluded that without a factual basis for attributing death to one probable cause, no award of death benefits could be made.

Review of the findings of a Workmen's Compensation Board is limited to the determination of whether there has been a capricious disregard of competent evidence. *Baur v. Mesta Machine Co.*, 405 Pa. 617, 176 A. 2d 684 (1961); *Scanella v. Salerno Importing Co.*, 2 Commonwealth Ct. 11, 17 (1971), 275 A. 2d 907; *Lorigan v. Gulbranson*, 184 Pa. Superior Ct. 251, 132 A. 2d 695 (1958). As stated in *Urbach Unemployment Compensation Case*, 169 Pa. Superior Ct. 569, 572 (1951), 83 A. 2d 392: "To charge an administrative agency with capricious disbelief, it must be so flagrant as to be repugnant to a man of reasonable intelligence." We must determine whether the Board's reason for disregarding Doctor Coletta's testimony was unreasonable in this situation.

The Board in its conclusion relied heavily on the facts that the attending physician had only examined the decedent three times and that he had never taken an electrocardiogram of the patient, nor reviewed past electrocardiograms nor performed an autopsy. For these reasons the Board chose not to accept Doctor Coletta's assertion that the first attack was the probable cause of the fatal seizure. We hold that under these circumstances there was no capricious disregard of competent evidence by the Board. *The testimony of*

*the doctor has not established the causal relationship between the accident and death so clearly as to make it a capricious disregard of competent evidence for the Board to find otherwise.* Its denial of death benefits is affirmed.