## Jackson *v.* Filler, et al.

Argued October 6, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Murry Powlen,* for appellant.

*Raymond J. Porreca,* for appellees.

OPINION BY JUDGE WILKINSON, November 15, 1972: This is a claim for Workmen's Compensation benefits growing out of decedent's death in a fire which destroyed the hotel in which he was living in Chester, Pennsylvania, on March 27, 1966. Much earlier, on October 3, 1963, decedent, then employed as a laborer by appellee, Frank Filler, suffered a compensable injury that resulted in the paralysis of his left side. He was awarded total disability compensation which he was receiving at the time of his death.

The uncontradicted evidence clearly establishes that the decedent had lived in this hotel for at least

three months and that he was able to get about the hotel unassisted, including ascending and descending the steps. The appellant presented testimony of one witness who stated in great detail his actions on the night of the fire to assist decedent and others from the building. If his testimony were believed and all inferences drawn from it resolved in favor of appellant, the Referee and the Board might have found in favor of appellant. However, even believing his testimony, the Referee and the Board could have concluded that the death was not the result of decedent's restricted mobility. Indeed, either drawing inferences from appellant's evidence which were favorable to appellees or not accepting that testimony as not consistent in many respects with most of the other testimony in the case, the Referee and the Board found that the decedent's death was not the result of the earlier injuries he had received in the compensable accident of October 3, 1963. There was more than ample evidence on which to reach this conclusion.

Appellant relies heavily on the cases of *Marshall v. City of Pittsburgh,* 119 Pa. Superior Ct. 189, 180 A. 733 (1935) and *Gower v. Mackes,* 184 Pa. Superior Ct. 41, 132 A. 2d 880 (1957). In both of these cases, the employee suffered a compensable knee injury. Later he suffered a second injury when the injured knee did not support him. Unfortunately for appellant's position, in *Marshall,* both the Referee and the Board found for the claimant, and in *Gower,* the Board found for the claimant, reversing the Referee. In both cases, the lower court and the Superior Court affirmed the Board's decision on the well-established principle that the Board's findings, when based on competent evidence, will not be reversed. On this basis, the very cases relied upon by appellant compel us to affirm the decision of the Referee, the Board, and the court be-

low, that the claimant has not sustained the burden of proof that decedent's death was the result of the first compensable injury.

The Referee, the Board, and the court below also ruled against claimant on the grounds that it was not established that the children for whom benefits were claimed were eligible. Inasmuch as we affirm on the basis set forth above, it is not necessary to discuss or pass upon this aspect of the case.

Affirmed.