Crain *v.* Small Tubes Products, et al.

Argued March 7, 1973, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Robert S. Crain,* appellant, for himself.

*Neil B. Murchison,* with him *John F. Sullivan,* for appellees.

OPINION BY JUDGE BLATT, April 3, 1973:

Robert S. Crain (claimant) was employed by Small Tubes Products, Inc. (employer) when, on October 30, 1958, he injured his back while attempting to lift a large box. As a result of the injury, the claimant and the employer entered into a compensation agreement for total disability. On December 18, 1958, the claimant returned to full time employment with the employer and, thereafter, the parties entered into a supplemental agreement whereby total disability payments were terminated, providing instead that the claimant had a 20% residue disability but that there would be no payment for that residue liability in light of the fact that the claimant was receiving wages equal to or in excess of those earned on October 30, 1958. Compensation was to be suspended so long as the wages earned by the claimant were at least equal to those which he earned at the time of the accident. On October 6, 1959, the claimant was discharged from his employment.[1]

While still in the employ of the employer, in January, 1959, the claimant had slipped and fallen while

[1] Following the claimant's discharge, he filed a petition for the reinstatement of the suspended compensation agreement with the Workmen's Compensation (Appeal) Board. The referee reinstated 20% disability payments but the Board reversed and was upheld by the Court of Common Pleas of Blair County. In *Crain v. Small Tube Products, Inc.,* 200 Pa. Superior Ct. 426, 188 A. 2d 766 (1963), the Superior Court affirmed on the basis that the claimant's discharge from employment was not due to any disability resulting from the accident of October 30, 1958. The claimant has attempted to again raise this issue before this Court, but it has been finally decided by the Superior Court and is therefore not properly before us.

getting out of his car on an icy parking lot adjacent to the employer's plant. The claimant had reported the fall to his supervisor and had then gone home. He returned to work the following day and worked regularly until he was discharged on October 6, 1959. Thereafter he began having recurring troubles with his back, which eventually led to surgery. Such surgery revealed that he was suffering from a herniated disc.

On June 26, 1961, the claimant filed a petition to modify the supplemental compensation agreement of 1958, alleging that his 20% partial disability had increased to total disability. The referee refused to modify the agreement because he found that the cause of the claimant's disability was the accident occurring when he fell in January, 1959, and held this to be a new injury in the nature of an accidental aggravation of the pre-existing condition brought about by the injury of October 30, 1958. The petition, therefore, was dismissed by the referee because, even if it were treated as a claim petition for the second accident, it was filed well over 16 months after the accident occurred, in violation of Section 315 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §602. The referee's decision was affirmed by the Workmen's Compensation (Appeal) Board and, subsequently, by the Court of Common Pleas of Blair County.

As this Court has stated many times, our scope of review is limited when, as here, the decision of the Board is against the party having the burden of proof. In such case, our jurisdiction is merely to determine whether or not the findings of the Board are consistent with each other, and with its conclusions of law, and with its order and whether or not they can be sustained without a capricious disregard of competent evidence. *Drevitch v. Beverly Farms, Inc.*, 7 Pa. Commonwealth Ct. 1, 297 A. 2d 541 (1972) ; *Bullock v. Building Maintenance, Inc.*, 6 Pa. Commonwealth Ct. 539, 297 A. 2d

520 (1972); *Whitehead v. Casey Building Wreckers, Inc.*, 6 Pa. Commonwealth Ct. 256, 294 A. 2d 215 (1972); *Pellegrino v. Baldwin-Lima-Hamilton Corporation*, 5 Pa. Commonwealth Ct. 150, 289 A. 2d 531 (1972); *Gayer v. Quaker Hair Goods Company*, 5 Pa. Commonwealth Ct. 133, 289 A. 2d 763 (1972). And, for the Board to be guilty of capricious disregard of competent evidence, such disregard must have been so flagrant as to be repugnant to a man of reasonable intelligence. *Rondolone v. Louis Dolente & Sons and Insurance Company of North America*, 3 Pa. Commonwealth Ct. 450, 283 A. 2d 511 (1971).

In reviewing the record herein we find that the essential issue is whether the claimant's disability was a direct consequence of his October 30, 1958 accident or was the result of the later aggravation of a preexisting injury. The Board found that it was the latter, and we cannot find that such decision was in error.

The medical opinion on behalf of the claimant was to the effect that the October 30, 1958 accident had weakened the claimant's disc and that the second accident in 1959 caused such injury to manifest itself. One of the medical witnesses, Dr. Pitts, testified as follows as to the cause of the herniated disc:

"A. I think this patient suffered an injury to his disc with the episode of heavy lifting which he had done in October of 1958, that he had aggravation of these symptoms by the fall that he had in January of 1959. I think with this set of circumstances, the disc was injured and then the conservative measures which he had allowed him to initially recover, and then the fall aggravated this pre-existing condition."

. . .

"A. . . . I think it is likely that had the fall on the ice not precipitated it [the herniated disc], something else might have at a later time. It is difficult to say."

. . .

"Q. Can you say that this condition would have manifested itself irrespective of what happened in January, 1959, the condition you found in October of 1960 and March of 1961?

"A. I cannot say that, because he had the fall."

Based on testimony such as that quoted above, it would not have been unreasonable for the Board to decide either that the herniated disc had been caused by the first accident and merely aggravated by the second or that the claimant had recovered to a point where he did not suffer total disability and that the second accident was a new and separate injury. The Board found the latter and we can find no basis for reversing its decision.

Inasmuch as the January, 1959, accident was classified as a new and separate injury, the proper procedure for claiming total disability would have been through the filing of a claim petition. The claimant failed to do so within 16 months as required by Section 315 of the Workmen's Compensation Act, 77 P.S. §602. There was no allegation by the claimant that his failure to do so was the result of any action on the part of the employer as in *Iwaskewycz v. United States Steel Corporation,* 7 Pa. Commonwealth Ct. 211, 298 A. 2d 62 (1972). The Board did not err, therefore, in dismissing the petition.

We might note that this case is not controlled by that series of cases including *Gower v. Mackes,* 184 Pa. Superior Ct. 41, 132 A. 2d 880 (1957); *McAvoy v. Roberts & Mander Stove Company,* 173 Pa. Superior Ct. 516, 98 A. 2d 231 (1953); *Marshall v. Pittsburgh,* 119 Pa. Superior Ct. 189, 180 A. 733 (1935); and *Gallagher v. Hudson Coal Company,* 117 Pa. Superior Ct. 480, 178 A. 161 (1935). In those cases, an existing accidental injury was the proximate cause of a subsequent accident, and the courts held that an employer obligated for a disability arising from the first injury is also

responsible for any disability arising from subsequent accidents causally related to the first. Here, however, there has been no attempt to relate the cause of the second accident to any disability arising from the first accident.

For the above reasons, therefore, we affirm the order of the court below.