142 N.J. Super. 52 (1976)
359 A.2d 885
FRANK D'ASCENSIO, CITY CLERK, OF NEWARK, NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JAMES BENJAMIN, COYT L. JONES, GEORGE JONES, CARL L. GREGORY AND WILBUR McNEIL, INDIVIDUALLY, AND AS THE COMMITTEE OF PETITIONERS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 18, 1976.
Decided June 8, 1976.
*53 Before Judges LYNCH, LARNER and HORN.
Mr. Salvatore Perillo, First Assistant Corporation Counsel, argued the cause for plaintiff-appellant (Mr. Milton A. Buck, Corporation Counsel, City of Newark, attorney).
*54 Mr. Bernard K. Freamon, Project Director, Community Legal Action Workshop, argued the cause for defendants-respondents.
PER CURIAM.
After a plenary hearing the trial judge sustained the validity of petitions seeking a public referendum pursuant to N.J.S.A. 40:69A-184 looking toward the adoption of an ordinance establishing a civilian complaint review board in the City of Newark. The city clerk had rejected the petitions and justified his rejection on the following grounds: (1) the petitions did not contain the requisite number of valid signatures, (2) the petitions were "stale" in that they were filed approximately 18 months after they were first circulated, and (3) the petitions, or at least some of them, were tainted by fraud because of improper practices of some of the circulators.
The trial judge considered each of these contentions and decided them contrary to the position of the city clerk in an opinion reported at 137 N.J. Super. 155 (Ch. Div. 1975).
The judge's factual finding as to the sufficiency of the number of valid signatures is amply supported by the credible evidence in the record. State v. Johnson, 42 N.J. 146, 164 (1964); Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 483-484 (1974). Although the judge's rationale of projecting a percentage rate of validity found from the detailed Phase II investigation to those signatures which were not subjected to such scrutiny may be novel, we find no basis for rejecting such an approach when applied to the particular circumstances involved herein.
We do, however, note our disagreement with the portion of the opinion which states that "a Phase II NIB search must be undertaken" by the clerk. 137 N.J. Super. at 165. The judge thereby made reference to the laborious work of checking signatures not appearing in the binder book at the given address against other sources, such as voters' lists, active and inactive voter card files, and lists of address transfers, marriages and changes of name.
*55 The applicable legislation dealing with the duties of the clerk simply requires him to determine "whether the petition is signed by a sufficient number of qualified voters" and to certify whether the same is sufficient or insufficient. N.J.S.A. 40:69A-187. There is no statutory directive as to the method or means to be utilized by the clerk in order to arrive at his determination.
In the absence of such statutory direction, a clerk has the discretionary power to adopt any rational means of performing his duty, subject to judicial review to determine whether he has abused his discretion and acted in an arbitrary manner. See Richardson v. Caputo, 46 N.J. 3, 9 (1965); Perry v. Giuliano, 46 N.J. Super. 550 (App. Div. 1957).
We therefore deem it inappropriate for the court to dictate that a Phase II search or any other specified search must be made. The clerk may adopt a Phase I or a Phase II investigation, or a combination of both, or such other appropriate means of inquiry to achieve a fair and just end. It is not the court's function to instruct the legislative agent how he is to perform his work. The judicial role is rather limited to a review of the clerk's actions and to intervene only when those actions appear to be arbitrary and unreasonable, as demonstrated by the evidence and applicable law. Unless arbitrary abuse of power is evident, the discretion of the clerk controls, regardless of the methods or techniques utilized by him in achieving the result.
Except for the foregoing caveat, we affirm for the reasons expressed by Judge Kimmelman in his published opinion.