Kent Smith, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Pacesetter Systems, Inc. and Great American Insurance Co., Respondents.

Argued June 5, 1981, before Judges Rogers, Williams, Jr. and Palladino, sitting as a panel of three.

*Thomas P. Geer,* for petitioner.

*Eugene F. Scanlon, Jr., Dickie, McCamey & Chilcote,* for respondent, Pacesetter Systems, Inc.

OPINION BY JUDGE PALLADINO, December 22, 1981:

Petitioner appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying benefits to Petitioner pursuant to Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act).[1]

On July 28, 1977, while in the course of his employment, Petitioner injured his legs in a work-related accident. Despite the accident, Petitioner continued his employment duties. In the latter part of August, 1977, Petitioner was injured outside the course of his employment in a fall from the porch of his house. Petitioner was discharged from employment on September 9, 1977. On September 15, 1977, Petitioner sought medical treatment of his injuries. Thereafter, Petitioner underwent knee surgery and filed a claim petition for total disability benefits.

In his first decision, the referee found (1) that the work-related injuries Claimant sustained on July 28, 1977, were "aggravated" by Claimant's fall from the porch of his home and (2) that Claimant was totally disabled from September 15, 1977, onward. Reviewing the appeal filed by Claimant's employer, the Board determined that the referee had failed to make a necessary finding, *i.e.,* "whether the fall at home was caused by or related to the . . . work-related injury of July 28, 1977." Therefore, the Board remanded the case to the referee, instructing him (1) "to make a finding, if he [could], connecting the asserted injury of July 28, 1977 with causing the fall at home" and

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

(2) to hold further hearings to allow the parties to present evidence concerning the relationship between the work and home injuries. Although the referee scheduled hearings, the parties did not present additional evidence, but instead, agreed that the record should be closed upon the submission of memoranda.

In his second decision, the referee found that "[C]laimant's fall from his porch . . . in mid-late August did not result from the work-related injury of July 28, 1977 nor was same the probable consequence of the July 28, 1977 injury." The referee also determined that Claimant became "totally disabled as the result of the fall from his porch in mid-late August, 1977." Subsequently, without taking additional evidence, the Board affirmed the referee's decision, and Claimant appealed to this Court.

In workmen's compensation cases "the claimant has the burden of establishing the right to compensation and all of the elements necessary to support an award." *Halaski v. Hilton Hotel,* 487 Pa. 313, 317, 409 A.2d 367, 369 (1979). Where, as here, the party with the burden of proof did not prevail below, this Court's scope of review consists of determining whether the factual findings are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 57, 423 A.2d 1142 (1981).

On appeal to this Court Claimant argues that the Board should not have remanded this case to the referee, or alternatively, that despite the need for a remand, the Board's remand order improperly restricted the scope of the referee's inquiry.

"[T]he Board's power to remand cases to the referee . . . [is] limited to two instances: (1) where the findings of the referee are not supported by competent

evidence or (2) where the referee has failed to make a finding on a crucial issue, necessary for the proper application of the law.'' *LoRubbio v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 529, 532, 411 A.2d 866, 867 (1980). Claimant contends that the Board should not have remanded this case to the referee because the record contained competent evidence to support the referee's initial decision. However, the purpose of the Board's remand was not to have the referee reexamine the competency of the evidence, but to have the referee utilize the correct legal principle in evaluating the evidence and making the necessary findings. Thus, the Board properly remanded this case to the referee.

Recognizing the occurrence of a nonwork injury between the date of Claimant's work-related injury and the onset of Claimant's disability, the Board directed the referee to determine on remand the relationship, if any, between Claimant's work injury and his nonwork injury. Claimant contests the focus of the Board's order.

To be eligible for compensation under Section 301 (c)(1) of the Act, a claimant must prove that his injury arose in the course of his employment and was related thereto. *Halaski v. Hilton Hotel*. Nevertheless, injuries unrelated to a claimant's job are compensable if they are the "proximate, natural, and probable result" of prior work-related injuries. *Friel v. Sun Shipbuilding & Drydock Co.*, 174 Pa. Superior Ct. 320, 325, 101 A.2d 171, 173 (1953); *Giant Markets, Inc. v. Morgan*, 28 Pa. Commonwealth Ct. 439, 368 A.2d 885 (1977); *Workmen's Compensation Appeal Board v. Burke-Parsons Bowlby Corp.*, 25 Pa. Commonwealth Ct. 498, 359 A.2d 885 (1976). "Where an employer is liable for an injury which impairs the physical condition of the claimant's body he is also liable for compensation of injury received in a subsequent accident

which would not have occurred if the claimant's bodily efficiency had not been impaired in the first [work-related] accident." *Gower v. Mackes,* 184 Pa. Superior Ct. 41, 45, 132 A.2d 880, 882 (1957); *Trumpikas v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 130, 412 A.2d 218 (1980).

Additionally, to qualify for benefits, a claimant must establish that his injury resulted in a disability. *Carpentertown Coal & Coke Co. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 134, 415 A.2d 450 (1980). " 'The disability contemplated by the act is the loss, total or partial, of . . . earning power. . . .' " *Harbison-Walker v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 556, 559, 397 A.2d 1284, 1285 (1979).[2] " '[T]here can be no manifestation of disability where a claimant would be able to continue at his former position.' " *Carpentertown Coal & Coke Co. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. at 136, 415 A.2d at 451 (quoting *Montgomery v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 143, 145-46, 400 A.2d 253, 253-54 (1979)).

Here, although Claimant was injured in the course of his employment on July 28, 1977, Claimant continued to be employed until September 9, 1977. Thus, the referee correctly found that Claimant's disability did not commence immediately after he sustained the work-related injury of July 28, 1977, since said injury did not result in a loss of earning power. Because Claimant became disabled within the intendment of the Act only after he suffered a nonwork injury, Claimant had the burden of proving that his disability, although precipitated by a nonwork incident, was causally connected to a previous work injury. Therefore,

___

[2] (quoting *Unora v. Glen Alden Coal Co.,* 377 Pa. 7, 12, 104 A.2d 104, 107 (1954) (quoting *Woodward v. Pittsburgh Engineering & Construction Co.,* 293 Pa. 338, 340, 143 A. 21, 22 (1928))).

346

the Board properly instructed the referee (a) to hold further hearings at which the parties could present evidence of the relationship between the work and nonwork injuries and (b) to make a finding, if possible, linking the work and nonwork injuries.

Applying the proper legal standard and without capriciously disregarding competent evidence, the referee found that Claimant's fall at home, and subsequent disability, neither resulted from, nor was the probable consequence of, the work injury of July 28, 1977. Accordingly, we enter the following

ORDER

AND Now, December 22, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-77798, dated April 24, 1980, is affirmed.