Copperweld Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Virginia Smith, Widow of William J. Smith, Deceased), Respondents.

Argued February 2, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Richard D. Gilardi,* with him *James A. Dattilo, Gilardi & Cooper,* for petitioner.

*Richard G. Spagnolli, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Virginia Smith, widow.

OPINION BY JUDGE MACPHAIL, April 18, 1983:

Claimant[1] was awarded workmen's compensation benefits by a referee whose decision was affirmed by the Workmen's Compensation Appeal Board (Board). The employer[2] filed the instant appeal.

Claimant's husband died on September 1, 1977 after collapsing in the employer's cafeteria during regular working hours. In the several years prior to his death, the employee's[3] work responsibilities as a payroll clerk had escalated dramatically by reason of

---

[1] Virginia Smith.

[2] Copperweld Corporation.

[3] William J. Smith, deceased.

the retirement of his supervisor whose duties he assumed and the computerization of the payroll office for which he was responsible. In hospitalizations occurring in 1975, 1976 and 1977, the employee had been diagnosed as having, *inter alia,* essential hypertension for which he was treated. The cause of death was given as a coronary occlusion. The foregoing facts were found by the referee from substantial evidence in the record.

The referee also considered the opinions of two physicians—Dr. Tolchin who had treated the employee and who testified as a witness for the Claimant and Dr. Wecht who had not treated the employee and who testified for the employer. Dr. Tolchin testified essentially that the employee's stress from his employment aggravated his pre-existing hypersensitive cardiovascular disease and contributed to his death. Dr. Wecht testified in his opinion, absent an autopsy, that any stress suffered by the employee associated with his work program was not causally related to his death. The referee found Dr. Tolchin's testimony to be the more credible.

Employer's sole issue in this appeal is whether Dr. Tolchin's testimony, taken as a whole, is substantial evidence to support the referee's finding that the employee's work-related stress aggravated his pre-existing physical problems and thereby contributed to his death.

It is well settled that in a workmen's compensation case where an allegedly compensable death is in part attributable to a pre-existing pathology, the claimant must prove by unequivocal medical evidence that the decedent's work activities did aggravate the claimant's pre-existing condition and did contribute to his death. *Modern Transfer v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 592, 408 A.2d

900 (1979). It is equally well settled that questions of evidentiary weight and credibility are for the referee; and once having assessed credibility, the referee may then accept or reject the testimony of any witness in whole or in part. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). If the referee chooses to believe that part of a physician's testimony that unequivocally establishes the relationship between the work incident and the claimant's subsequent condition, the referee's findings are thereby supported by substantial evidence. *Id.* Unequivocal evidence is not, ipso facto, rendered equivocal by an apparently inconsistent statement elicited during cross-examination. *Id.*

With those principles in mind, we will briefly review Dr. Tolchin's testimony. Employer admits as it must that Dr. Tolchin said not once but several times that his opinion, within a reasonable degree of medical certainty, was that the employee's work-related stress contributed to the aggravation of his pre-existing hypertensive cardiovascular disease and to his final demise. As we understand employer's argument, it is that since Dr. Tolchin was in doubt as to the employee's cause of death, his opinion regarding the origin or aggravation of that cause is not unequivocal and must be rejected. Employer offers the following testimony elicited from Dr. Tolchin on cross-examination in support of its argument:

Q. But you are not certain of exactly what catalyst caused that coronary occlusion?

A. I am not certain he had a coronary occlusion because he was never autopsied, but I think there was enough known about his condition to establish that diagnosis.

. . . .

Q. Doctor, based on all of the medical information that you have reviewed in reference to Mr. Smith, can you give us your opinion within a reasonable degree of medical certainty as to the cause of Mr. Smith's death, as to what he died from?

. . . .

A. I would, you know, within a reasonable degree of certainty I believe Mr. Smith died from an acute myocardial infarction brought about by coronary occlusion.

Q. But again, Doctor, that's a speculation on your part?

A. Within a reasonable degree of medical certainty, you know, but it is speculative.

Analogizing that testimony to the medical evidence in *Haney v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982), where we affirmed the referee who found the physician's testimony to be less than unequivocal, employer contends we are compelled to reach the same result here. We disagree.

In the instant case, the referee found Dr. Tolchin's testimony to be credible. In *Haney*, claimant's medical evidence was rejected. Dr. Tolchin did testify within reasonable medical certainty as to causation. In *Haney*, claimant's medical testimony was tentative. While Dr. Tolchin could not and would not say with certainty that the employee died from a coronary occlusion but opined that he may have died instead of an acute myocardial infarction brought about by a coronary occlusion, this testimony as to actual cause of death detracts not one whit from the doctor's testimony that the employee's work-related stress aggravated his pre-existing physical problems *and* con-

tributed to his death, whatever the *precise* cause of death might have been.

Order affirmed.

### ORDER

The order of the Workmen's Compensation Appeal Board dated October 29, 1981 is affirmed.