GTE Sylvania, Petitioner *v.* Workmen's Compensation Appeal Board (John A. Lydon), Respondents.

Submitted on briefs January 31, 1983, to Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*Joseph P. Lenahan, Lenahan & Dempsey,* for petitioner.

*Michael J. Dowd, Dowd and Kocsis,* for respondent, John A. Lydon.

OPINION BY JUDGE MACPHAIL, April 26, 1983:

G.T.E. Sylvania (Employer) appeals here from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee and held that John A. Lydon[1] (Claimant) was totally disabled as a result of a work related back injury and therefore eligible for disability benefits. We affirm.

The case involves the occurrence of a nonwork injury between the date of Claimant's work-related injury and the onset of Claimant's disability. To be eligible for workmen's compensation benefits[2] a claimant must prove that his injury arose in the course of his employment and was related thereto. *Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979). Injuries unrelated to a claimant's job are compensable, however, if they are the proximate or the natural and probable result of a prior work-related injury. *Smith v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 340, 437 A.2d 1301 (1981); *Friel v. Sun Shipbuilding & Drydock Co.,* 174 Pa. Superior Ct. 320, 101 A.2d 171 (1953). In *Smith,* 63 Pa. Commonwealth Ct. at 344, 345, 437 A.2d at 1303, quoting from *Gower v. Mackes,* 184 Pa. Superior Ct. 41, 45, 132 A.2d 880, 882 (1957) this Court stated:

> Where an employer is liable for an injury which impairs the physical condition of the claimant's body he is also liable for compensation of injury received in a subsequent acci-

---

[1] Claimant filed his claim petition on September 26, 1979.

[2] *See* Section 301(c)(1) of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

dent which would not have occurred if the claimant's bodily efficiency had not been impaired in the first [work-related] accident. Where there is an intervening nonwork injury, claimant must then prove that his resultant disability was so immediately and directly connected with the prior work-related injury that it would naturally and probably result therefrom; that is to say, that the first accident was the proximate predisposing cause of the resultant disability. *Friel.*

It is contended here by Employer that Claimant did not meet his burden and that Claimant's disability is the direct result of the intervening nonwork injury.

There is little dispute as to the relevant facts. Claimant's job required him to lift fifty pound buckets of metal powder every fifteen minutes. On July 31, 1979, while lifting one of these buckets, Claimant developed severe pain in his back which he described as "like something tearing". Claimant spent the remainder of his shift and the better part of the next couple of working days in the nurse's office where he received moist heat treatments for his back.

On about the third day after this injury, Claimant returned to his job but did lighter work. He continued working for the next three weeks. On August 26, 1979, while lifting some light firewood at home, he experienced back pain so severe that he could not stand upright. The next day, Claimant went to work but reported directly to the nurse's office. Dr. Perry, Employer's doctor, sent him home and prescribed some conservative treatment for Claimant's back. Claimant has not worked since that time.

At the hearing before the referee, both Dr. Theoharous, Claimant's attending physician and Dr. Perry testified. The referee made the following relevant finding of fact:

18. The referee finds the testimony of Dr. Theoharus to be the most credible in establishin the cause of Claimant's disability. According to Dr. Theoharous it was the lifting of the fifty (50) pound buckets that originally caused the ligaments to tear allowing the disc to move and pinch the nerve at some later time.

The referee concluded that Claimant sustained a compensable injury on July 31, 1979 that resulted in total disability on August 27, 1979.

Employer contends that (1) Claimant's injury on August 26 was a new injury which caused Claimant's disability (2) Claimant is not totally disabled and (3) there is not substantial evidence in the record to support the referee's findings.

Dr. Theoharous testified as follows:

Q. Now, taking into consideration the history which Mr. Lydon gave you and taking into consideration your examination, findings, and conclusions from this case, I would ask you whether or not—ah—to a reasonable medical certainty you are able to ascertain the cause of the L-5 herniated disc which you described?

A. I would say it would have had to have arisen at the time of the initial injury which was approximately the—be the instance which occurred at work when he lifted the fifty pounds (50 lbs).

This is substantial evidence from which the referee could and did find that it was the injury on July 31, 1979 which caused Claimant's subsequent disability. The fair inference from the physician's testimony is that the intervening nonwork injury was *not* the cause of the herniated disc which in turn, was the cause of Claimant's disability. Although Employer's physician testified to the contrary, it is for the referee to

resolve such conflicts which he has done in the instant case. Suffice it to say that we are well satisfied that the evidence is sufficient to prove that Claimant's disability was immediately and directly connected to his work-related injury.

On the matter of the degree of disability, Dr. Theoharous testified as follows:

Q. Would there be any work that he could do?

A. I would have to say no really, because even desk work, which does not involve lifting, he has trouble sitting any length of time. So, I'd have to say no.

The Claimant testified as follows:

Q. Now, at the present time, are there any limitations on your motion?

A. I can walk. I can get around, but it's hard to bend over and pick something up off the floor. It's almost impossible; it is impossible. And walking any distance does a job on me. And driving for a long distance it hurts.

. . . .

Q. Now, with reference to the pain, do you feel any pain at the present time?

A. —Uh, I'm almost in constant pain, you never forget it's there. My leg hurts when I stand on it, it pinches. . . .

Q. Has your condition changed, if any, since the date when you first saw Dr. Theodarous?

A. I don't think it's changed at all. I don't think it's changed since the first time I saw him or before.

Again, this is substantial evidence from which the referee could and did find the Claimant was totally disabled, notwithstanding other evidence in the case

which was offered to show that Claimant was only partially disabled. If one is totally disabled, then work availability offered by Employer to prove that Claimant has not been deprived of his ability to obtain remunerative employment, is irrelevant. *Panaci v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 188, 443 A.2d 881 (1982).

Since we have found that there is substantial evidence to support the referee's finding that Claimant's disability was the result of his initial work-related accident and his conclusion that the Claimant was totally disabled, we must affirm the Board's order.

ORDER

It is ordered that the order of the Workmen's Compensation Appeal Board dated October 29, 1981 and numbered A-80167 is hereby affirmed.