Christopher J. Kondzielski, Petitioner *v.* Workmen's Compensation Appeal Board (Northwestern Rural Electric Co-Op), Respondents.

Submitted on briefs March 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and BARBIERI, sitting as a panel of three.

*Harry Faber White II,* Law office of *William T. Jorden,* for petitioner.

*Joseph F. Grochmal, Fried, Kane, Walters & Zuschlag,* for respondent, Northwestern Rural Electric Co-Op.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 9, 1983:

Christopher J. Kondzielski appeals a Workmen's Compensation Appeal Board order affirming a referee's dismissal of his petition to set aside a final receipt. We reverse and remand.

Kondzielski, following an injury to his back at work, received disability compensation, which was

terminated upon his return to work and his execution of a final receipt. After suffering constant pain in his back, hips, and legs for several months, he experienced sudden, severe pain in those areas while engaged in athletic activity. Following disc surgery, he was disabled for a second period of time. His petition to set aside the final receipt was dismissed, the referee finding that the second disability was *not* the natural and probable consequence of the initial work-related injury. The Board affirmed.

Where the party with the burden of proof has not prevailed below, our review is limited to determining whether constitutional rights were violated, an error of law was committed, or there has been a capricious disregard of competent evidence. *Killian v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 29, 434 A.2d 906 (1981).

Kondzielski contends that the referee and the Board erred in rejecting his doctor's report, which purported to establish a causal link between the work-related injury and the second disability. It read: "[I]t is my medical opinion that [Kondzielski] sustained an industrial injury to the lower back . . . and that the basketball incident consisted of an *aggravation* of a previously existing condition." The referee and the Board concluded that "aggravation of a previously existing condition" was a new cause, a noncompensable injury.[1]

Section 301(c) of the Workmen's Compensation Act[2] provides that "injury"

shall be construed to mean an injury to an employe, regardless of his previous physical con-

---

[1] In affirming the referee's rejection of the doctor's report, the Board stated that "an aggravation of a pre-existing condition is a new injury and thus the claimant's disability is not the result of a work injury."

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.

dition, arising in the course of his employment and related thereto, and such disease or infection as *naturally results from* the injury or is *aggravated,* reactivated or accelerated *by* the injury.... (Emphasis added.)

The clear legislative intent is to treat *work-related* aggravations of a pre-existing condition as new, *compensable* injuries, while compensating for conditions arising *after* a work-related injury—such as Kondzielski's herniated disc—if they naturally result from that injury.

The referee and the Board misconstrued Section 301(c) in rejecting the report. The doctor's use of the phrase "aggravation of a previously existing condition" cannot be interpreted as a belief that the second disability was caused by a new injury independent of the work-related one.

The Board should consider whether, in light of the doctor's report and the other evidence, Kondzielski's second disability is compensable as the natural and probable consequence of his prior work-related injury. *Smith v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 340, 437 A.2d 1301 (1981).

Reversed and remanded.[3]

## ORDER

The Workmen's Compensation Appeal Board order, No. A-80497, dated December 17, 1981, is hereby reversed, and the matter is remanded to the Board for proceedings not inconsistent with this Opinion. Jurisdiction relinquished.

---

[3] Kondzielski also argues that unequivocal medical evidence was not necessary to establish the causal link between his work-related injury and the second disability, and that the Board abused its discretion in denying him a rehearing. We do not reach the merits of these claims.