Arnold Jazloveiticki, Petitioner *v.* Workmen's Compensation Appeal Board (Lipton's Bakery), Respondents.

Argued April 6, 1984, before Judges DOYLE, PALLA-DINO and BARBIERI, sitting as a panel of three.

*David Freeman,* for petitioner.

*Wendy M. Johnston,* with her, *Charles W. Craven, Marshall, Dennehey, Warner, Coleman & Goggin,* for respondents.

OPINION BY JUDGE BARBIERI, July 5, 1984:

Arnold Jazloveiticki, Petitioner, appeals here the action of the Workmen's Compensation Appeal Board (Board) in reversing a referee's award for total disability.

Petitioner, a baker employed by Lipton's Bakery, suffered an injury to his back when he fell on January 6, 1973. A decision by a referee under date of November 28, 1975, awarded compensation benefits for various periods of total and partial disability. In that decision the referee made the following findings as to injuries suffered by Petitioner:

4. That the Claimant sustained the following injuries arising from the accident; herniated disc, acute lumbosacral disc disease, acute low back sprain, lumbar spondylosis, severe right sciatica, sprain of right knee, acute post trau-

matic anxiety and depression with severe shock to his nervous system.

5. That Claimant was admitted to Episcopal Hospital from January 16, 1973 through February 2, 1973, during which time traction, physical therapy, analgesics and muscle relaxants were administered. A myelogram was performed which revealed the presence of a defect compressing the spinal nerves at the L-5-S-1 level. The persistence and severity of his symptoms required Claimant to be readmitted to Episcopal Hospital on April 16, 1973. On April 18, 1973 he underwent spinal surgery with laminectomies and removal of the facets of L-3, L-4 and L-5. There was a degenerated disc present at the L-4 to L-5 level which was also removed. The Claimant was discharged on May 4, 1973. Presently the Claimant still experiences considerable pain in his back and knee areas.

While still receiving partial disability benefits under that decision, Claimant filed the instant Petition for Modification alleging therein that his total disability recurred as of September 1, 1976. To this petition the defendant filed an answer alleging that Claimant's total disability was due to a new accident which occurred on September 1, 1976. Claimant's evidence consisted basically of his own testimony and the medical testimony of his attending physician, Dr. Lewis H. Castor. The defendants, Lipton's Bakery and its insurer, offered the testimony of Dr. Henry A. Shenkin, a neurosurgeon who operated on Claimant in April of 1973, and Dr. Martin L. Beller, an orthopedic physician. The referee in his decision in this case pointedly and specifically rejected the testimony of Drs. Shenkin and Beller and apparently accepted that of Dr. Castor.

On August 31, 1976, while Claimant was receiving partial disability benefits and working part-time for a bakery other than the employer herein, he had an experience while driving on a non-occupational mission when his car door swung open during his efforts to "jam" on his brakes to avoid a dog, whereupon he suffered increased symptoms and was found by the referee to be totally disabled and unable to resume any type of employment since that time. The referee made the following finding:

9. The incident of August 31, 1976 would have, at most, caused a temporary back sprain in a person with a stable back. However, the August 31, 1976 incident had a more lasting effect on Claimant because of the partial disability in his back (due to the work related incident of January 6, 1973) in that the August 31, 1976 incident aggravated his prior unstable back condition to the extent that he is now totally disabled. The referee is not convinced that the August 31, 1976 incident constitutes a superseding cause of Claimant's total disability. In short, the referee finds that the August 31, 1976 car incident in New Jersey would not have caused Claimant to become totally disabled were it not for Claimant's weakened back condition which was caused by his job related injury of January 6, 1973.

On appeal, in an opinion which was concurred in only as to result by two commissioners, the Board, emphasizing that portion of finding of fact No. 9 quoted above which states that the Claimant aggravated his back condition in the automobile incident of August 31, 1976, stated, in what appears to be a finding contrary to that of the referee, the following:

In our review of the testimony, Claimant's subsequent injuries had no direct relation to the

original accident. The injuries sustained in the original accident in no way caused the automobile accident and there is no natural or direct connection between Claimant's present total disability and his automobile accident. Accordingly, we will reverse the Referee and hold as a matter of law, that Claimant's petition for modification of compensation be dismissed.

Although the wording of the referee's finding of fact No. 9 raises questions as to the validity of his determination that the Claimant's total disability is compensable as resulting from the injuries suffered on January 6, 1973, nevertheless, the record does support the finding that Claimant's present total disability is related to the original injury; that the event on August 31, 1976 was a basis for increasing the symptoms due to the original injury rather than an independently new and separate cause for disability; and that, therefore, the increase in compensation payments from partial to total is not in error.[1]

Referring now to the testimony, and particularly the medical testimony of Dr. Castor which was accepted by the referee, it appears that Dr. Castor was the family and attending physician, that, in his opinion, Claimant's back was perfect prior to the injury of January 6, 1973, and that all of his back complaints since that time, including present complaints and symptoms, stem from and are caused by the injury of January 6, 1973. He testified:

---

[1] See GTE Sylvania v. Workmen's Compensation Appeal Board (Lydon), 73 Pa. Commonwealth Ct. 618, 458 A.2d 1050 (1983), citing Smith v. Workmen's Compensation Appeal Board, 63 Pa. Commonwealth Ct. 340, 437 A.2d 1301 (1981); Gower v. Mackes, 184 Pa. Superior Ct. 41, 132 A.2d 880 (1957); and Friel v. Sun Shipbuilding & Drydock Co., 174 Pa. Superior Ct. 320, 101 A.2d 171 (1953).

Q. What is your diagnosis of his condition?

A. I think that he has chronic, recurrent lumbo-sacral sprain, and he has stenosis of the lumbar canal, secondary to adhesions, and post-surgical degenerative disease in that area, causing compression on his spinal chord, and increasing the pain.

Q. What is your prognosis in this case?

A. I don't feel that he is going to improve. Perhaps, surgery might improve, but in cases —I have two or three other patients with the same condition in my office who have had two or three, four operations and are no better.

Q. Do you have an opinion with reasonable medical certainty as to the relationship as to his present condition and the accident, which occurred on January 6, 1973?

A. Yes.

. . . .

Q. What is that opinion?

A. I believe that his present symptoms are all derived from the injury of January, 1973.

Q. Do you have an opinion with regard to the extent of his disability?

A. I believe that he is totally disabled.

Concerning the event on August 31, 1976, in response to a hypothetical question on cross-examination, Dr. Castor stated:

Q. So, then, if the assumptions that I have (sic) you are correct, then, the incident in New Jersey did have some effect on his being admitted to the hospital at Episcopal?

A. Yes, but he would not have the problem he has now if he had not had the original injury.

THE REFEREE: Did I understand you to say, Doctor, that if he did not have the orig-

inal injury at work, but did have the car injury in New Jersey, that he would not have been hospitalized or can't you tell us?

THE WITNESS: That I can't tell, but I will tell you that he—the studies there showed stenosis of the lumbar canal, which is a result of his old surgery, which is a known cause of pain exactly as this man has it, and I know that he would not have the pain today with the second injury or without it if he did not have this condition.

THE REFEREE: Thank you.

THE WITNESS: I believe that the incident in New Jersey made his pain more acute at that particular time, but, I believe, he would still—in fact, he would have increasing pain as time went on, which is usually history.

Viewing the above testimony which was accepted by the referee in the light most favorable to the Claimant, as is our duty, we believe that there is substantial evidence in the record to support an award for total disability and that therefore the finding of the Board and the Board's opinion to the contrary may not be substituted for such a proper finding by the referee. *Universal Cyclops v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Accordingly, for the reasons stated, we will reverse the Board's order and reinstate that of the referee.

ORDER

Now, July 5, 1984, the order of the Workmen's Compensation Appeal Board at Docket No. A-81254, dated March 3, 1983, is vacated, and the decision of the referee dated April 23, 1981 is hereby reinstated.