Topps Chewing Gum, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Demich), Respondents.

Submitted on briefs December 10, 1984, to Judges WILLIAMS, JR., PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*David E. Heisler, Lenahan & Dempsey, P.C.,* for petitioner.

*John J. Dunn, Sr., Dunn & Byrne,* for respondent, Matthew Demich.

OPINION BY JUDGE WILLIAMS, JR., January 10, 1985:

Topps Chewing Gum, Inc. (Topps) appeals an order of the Workmen's Compensation Appeal Board which upheld a referee's award of total disability benefits to Matthew Demich.

Demich suffered a back injury while lifting a one hundred pound barrel, on January 3, 1979, during the course of his employment with Topps. After apprising his supervisor of the incident, he was treated by the company's medical staff. Despite chronic intermittent back pain, claimant continued working. Demich reinjured his back at work on September 22, 1980, while lifting a forty to fifty pound barrel. Although the pain eventually subsided, a few months later Demich sneezed at home and felt his back "snap or crack." Demich was hospitalized soon thereafter and diagnosed as having a herniated intervertebral disc at the base of his spine. The ruptured disc was surgically removed.

The referee's award was bottomed on his finding that claimant's herniated disc directly resulted from the work-related lifting incident of September 22, 1980. He further found that the January 3, 1979 lifting event weakened Demich's back rendering it more susceptible to the disabling injury that followed. These findings are strongly supported by the direct

examination testimony of the treating physician, Dr. Edwin S. Malloy, a board-certified orthopedic surgeon.

Relying on Dr. Malloy's cross-examination testimony, which attributed Demich's sneeze at home as the immediate cause of the herniation, Topps argues that the injury was not work-related. On direct examination, however, Dr. Malloy unequivocally testified that the September 22, 1980 lifting incident caused the disc herniation. Unequivocal evidence is not automatically rendered equivocal by an *apparently* inconsistent statement elicited under cross-examination. *See Copperweld Corporation v. Workmen's Compensation Appeal Board (Smith)*, 73 Pa. Commonwealth Ct. 478, 481, 458 A.2d 651, 652 (1983).

Moreover, injuries unrelated to a claimant's job are compensable if they are the proximate, natural and probable result of prior work-related injuries. *G.T.E. Sylvania v. Workmen's Compensation Appeal Board (Lydon)*, 73 Pa. Commonwealth Ct. 618, 619, 458 A.2d 1050, 1051 (1983). In *G.T.E. Sylvania* this Court pertinently stated:

> Where there is an intervening nonwork injury, claimant must then prove that his resultant disability was so immediately and directly connected with the prior work-related injury that it would naturally and probably result therefrom; that is to say, that the first accident was the proximate predisposing cause of the resultant disability.

*Id.* at 620, 458 A.2d at 1051.

Dr. Malloy opined that Demich's sneeze, while the immediate cause of herniation, could only have ruptured a weakened or damaged disc. Dr. Malloy further testified that the two work-related lifting incidents damaged claimant's disc rendering it susceptible

to herniation. Since the herniated disc would not have resulted from the sneeze absent prior work-related injuries, the referee properly found that the claimant's disability was caused by his injury of September 22, 1980. *See Roberts v. Hillman Coal & Coke Company,* 131 Pa. Superior Ct. 570, 200 A.2d (1938) (sneeze-induced recurrence of totally disabling work-related hernia ruled compensable).

Accordingly, we affirm the board's order.

ORDER

AND Now, this 10th day of January, 1985, the order of the Workmen's Compensation Appeal Board at Docket No. A-83202, dated October 6, 1983, is affirmed.