**Thomas DePRIMO, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (AFFILIATED FOOD DISTRIBUTORS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 26, 1995.

Decided July 6, 1995.

---

Robert A. Cecchini and Brian J. Call, for petitioner.

Michel A. Brady, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Thomas DePrimo (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed a referee's decision granting Claimant's claim petition paying benefits from November 23, 1989, through January 31, 1992, and terminating Claimant's benefits as of February 1, 1992. We affirm.

Claimant was a truck driver employed by Affiliated Food Distributors (Employer). Claimant generally drove between 150 and 300 miles per day delivering goods to grocery stores. He was required to unload the goods by hand which at times entailed lifting up to eighty pounds. During the period of time between June 23, 1989, and November 22, 1989, Claimant experienced a number of episodes of chest tightness and pain and shortness of breath while carrying out his work duties. Three of these episodes resulted in treatment at various hospitals. On November 22, 1989, Claimant again experienced chest pain while unloading a delivery. That was Claimant's last day of work.

On January 16, 1990, Claimant filed a claim petition alleging that he was totally disabled as a result of a work-related heart attack on November 23, 1989. At hearings held before a referee, Claimant testified on his own behalf and presented the deposition testimony of Linda Barrasse, M.D. Employer presented the deposition testimony of Basil M. RuDusky, M.D., and submitted documentation of sickness and accident benefits paid to Claimant. The referee formulated the following pertinent finding of fact:

21. The findings and opinions of Dr. Linda Barrasse, as well as the testimony of the claimant, is more credible than the other relevant evidence of record. On Thanksgiving Day, November 23, 1989,

and in late December of 1989, claimant suffered a myocardial infarction. Claimant's work as a truck driver was a precipitating factor to claimant's myocardial infarctions. Claimant suffered a work related injury on November 23, 1989 in the nature of a myocardial infarction. Claimant's work injury disabled claimant from performing his pre-injury job as of November 23, 1989. In January of 1992, claimant suffered a third myocardial infarction as a result of his failure to follow reasonable medical advice and take prescribed medications. Claimant's heart condition and disability after his third myocardial infarction is not related to his work injury.

(Referee's decision, p. 4.)

■ The referee granted Claimant's claim petition for the limited period of time, November 23, 1989 to January 31, 1992, but concluded that Claimant forfeited his right to benefits after January, 1992, "by failing to follow reasonable medical advise which resulted in his third myocardial infarction and resulting heart condition and disability." (Referee's decision, p. 6.) The Board affirmed the referee's decision and this appeal followed.[1]

■ Claimant first argues that Employer has the burden of proving that Claimant's third heart attack was unrelated to his initial injury and that this burden was not met. However, in an original claim petition, the claimant bears the burden of proving that an injury arose in the course of his employment and is related thereto. *Miller v. Workmen's Compensation Appeal Board (Pocono Hospital)*, 114 Pa.Commonwealth Ct. 405, 539 A.2d 18, *petition for allowance of appeal denied*, 520 Pa. 580, 549 A.2d 139 (1988).

■ Claimant also contends that Dr. Barrasse's testimony, taken as a whole, does not form the basis of a finding that Claimant's disability as of February 1, 1992, was not related to his prior heart attacks. However, our review of Dr. Barrasse's testimony discloses that, although she believed that Claimant's first two heart attacks were work-related, she opined that the third was precipitated by Claimant's failure to take his medication. This testimony supports a finding of an independent cause for Claimant's present disability. To prove that a termination is proper, it must be shown that either the disability has ceased or that the continued disability is the result of an independent cause. *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983). Claimant's doctor's testimony, found credible by the referee, provides evidence of an independent cause.

Citing *GTE Sylvania v. Workmen's Compensation Appeal Board (Lydon)*, 73 Pa.Commonwealth Ct. 618, 458 A.2d 1050 (1983), Claimant also argues that an injury unrelated to a claimant's work is compensable if it is the proximate or the natural and probable result of a prior work-related injury. The *GTE Sylvania* court stated that:

> Where there is an intervening nonwork injury, claimant must then prove that his resultant disability was so immediately and directly connected with the prior work-related injury that it would naturally and probably result therefrom; that is to say, that the first accident was the proximate predisposing cause of the resultant disability.

*Id.* at 620, 458 A.2d at 1051. In *GTE Sylvania*, the referee made a finding, based on substantial evidence, that the claimant's work-related injury was the cause of his disability and that the intervening nonwork injury was not the cause. Here, the referee was presented with credible evidence that Claimant did not suffer an intervening injury, but that his progress was good until he stopped taking the medication that his treating physician had prescribed. The referee found, based on testimony elicited from Claimant's doctor, that Claimant's failure to take prescribed medication caused his third heart attack and the resulting disability.

---

1. Our scope of review in a workmen's compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

The referee based his conclusion of forfeiture of benefits on this evidence.

■ Although the referee did not cite Section 306(e)(4) of The Pennsylvania Workmen's Compensation Act (Act),[2] we conclude that section of the Act provides a basis for the referee's determination that Claimant forfeited his benefits. Clearly, in Claimant's doctor's opinion, Claimant's disability following his third heart attack was ascribed to Claimant's failure to take his medication and under 77 P.S. § 531 authority is provided for ordering the forfeiture of benefits. Thus, Claimant failed to carry his burden of proof of the causal connection between his present disability and his work injury. Moreover, pursuant to our scope of review, we cannot overturn a referee's finding of fact that is based on substantial evidence.

Accordingly, we affirm.

## ORDER

NOW, July 6, 1995, the order of the Workmen's Compensation Appeal Board, dated January 18, 1995, at A93–0465, is affirmed.

**2.** Act of June 2, 1915, P.L. 736, *renumbered and amended* by the Act of July 2, 1993 P.L. 190, 77 P.S. § 531 states, in pertinent part, that:

(8) If the employe shall refuse reasonable services of health care providers, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all right to compensation for any injury or increase in his incapacity shown to have resulted from such refusal.